# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TRUMAN BARKLEY JACKSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:23-cv-00182 SEP |
| ) | |
| UNKNOWN GRIGOWSKI and ) | |
| SCOTT CITY MUNICIPALITY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are pro se Plaintiff Truman Jackson, Jr.'s Complaint, Doc. [1], and his Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2]. After reviewing Plaintiff's financial information, the Application is granted. For the reasons set forth below, the Complaint is dismissed for failure to state a claim upon which relief may be granted.

### FACTS AND BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights against Defendants Unknown Grigowski, a police officer, and "Scott City Municipality," both in their official capacities only. *See* Doc. [1] at 1-3. Plaintiff's brief "Statement of Claim" states:

> On or about 7-20-2023 at 1110 Main St Scott City MO 63780 Caseys General Store[,] Grigowski arrested me then uncuffed me to serve me a paper pertinent to my spouse. [T]his is a violation to my Fourth Amendment as I was detained against my will without cause.

*Id.* at 3. Plaintiff left the "Injuries" and "Relief" sections of the form Complaint blank, *id.* at 4-5, but he later filed a supplement adding a claim for $5,000,000 as relief. *See* Doc. [4].

The Court's independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system,[1] shows that on July 11, 2023, Plaintiff's ex-wife was granted an ex parte protective order against him in Scott County, Missouri. *See Jackson v. Jackson*, No. 23SO-CV00945 (33rd Jud. Cir. Ct. Mo. filed July 11, 2023). According to court

---

[1] The Court takes judicial notice of the state court records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

records, the state court issued the order because it found "an immediate and present danger of domestic violence" by Plaintiff against his ex-wife.  The order prohibited Plaintiff from communicating with his ex-wife, being within 500 feet of her, entering her residence or place of employment, or generally abusing or threatening her.  The protective order was served by a Scott City Police Officer—notably, an officer who did not have the last name Grigowski—on July 12, 2023, at 1110 Main Street in Scott City.  On July 24, 2023, after a hearing on the record at which Plaintiff was present, the court entered a full protective order.  On September 6, 2023, the court dismissed the order for reasons that are not clear from the record.

## LEGAL STANDARD

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must

allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must they interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

After careful review and liberal construction of the Complaint, this case is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings claims against Officer Grigowski and Scott City in their official capacities only. *See* Doc. [1] at 2-3. The official-capacity claim against Officer Grigowski is duplicative of the claim against Scott City. And because Plaintiff fails to plead an unconstitutional policy, unconstitutional custom, or a failure to train by Scott City, both claims are dismissed.

**I.        The official-capacity claim against Officer Grigowski is duplicative.**

A § 1983 "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An official-capacity suit "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Plaintiff's official-capacity claim against Scott City Police Officer Grigowski is really a claim against Scott City. As such, Plaintiff's claim against Officer Grigowski is duplicative and will be dismissed. *See Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

**II.      Plaintiff does not state a *Monell* claim against Scott City.**

A government entity can be liable under *Monell* only "for a constitutional violation resulting from (1) an official municipal policy, (2) an unofficial custom, or (3) failure to train or supervise." *Robbins v. City of Des Moines*, 984 F.3d 673, 681-82 (8th Cir. 2021). There is no mention of any policy or custom in the Complaint. Nor are there any allegations that Scott City failed to train its officers or allegations of a pattern of similar constitutional violations by other Scott City employees. The Complaint includes "an unadorned, the-defendant-unlawfully-harmed-me accusation," not "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the claim against Scott City is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**, and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's claims against Officer Grigowski and Scott City Municipality are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of May, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE